Martin C. Dolan, OSB No. 872053
martin@dolangroup.com
S. Caitlin Dolan, OSB No. 066282
caitlin@dolanlawgroup.com
DOLAN LAW GROUP PC
4300 NE Fremont, Suite 250
Portland, Oregon, 97213
Telephone: (503) 227-2377
Fax: (503) 427-1900
Of Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

FOR THE DISTRICT COURT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| ERICH EISENHART, and ANDREW D'ADDARIO, individuals,<br><br>        Plaintiffs,<br><br>    vs.<br><br>ETZ HAIM HOLDING S.P.C., abn LAZARUS NATURALS (previously ETZ Hayim Holding, Inc. and ETZ Holding, LLC), a Foreign Business Corporation, and individual SEQUOIA PRICE-LAZARUS, in his personal capacity,<br><br>        Defendants. | Case No.:<br><br>**COMPLAINT**<br><br>Failure to Provide Itemized Statements – ORS 652.610; Penalty for Failure to Pay Wages Owed Upon Termination – ORS 653.150; Failure to Pay Overtime Wages – Violation of ORS 653.261; Unlawful Deductions –ORS 652.610(3); Failure to Comply with Fair Labor Standards Act (Violation of "On Time" Payment Requirement and Violation of Requirement to Pay Overtime);  – 29 U.S.C. § 201-19; Negligence; Negligent Infliction of Emotional Distress; Fraudulent Misrepresentation; Breach of Contract; Breach of Covenant of Good Faith and Fair Dealing<br><br>**JURY TRIAL REQUESTED** |

## NATURE OF THE ACTION

1.

This is an action to vindicate Plaintiffs' rights and to make Plaintiffs whole under ORS

652.610, ORS 653.150, 29 U.S.C. § 201-19, and under Oregon state tort and contract law.

1 –  COMPLAINT

**JURISDICTION AND VENUE**

2.

This Court has original jurisdiction over the subject matter of this complaint pursuant to 28 U.S.C. §§ 1331 and 1332.

3.

The Court has jurisdiction over Plaintiffs' state law claims pursuant to its supplemental jurisdiction to hear related state law claims under 28 U.S.C. § 1367. The state claims alleged herein arose from a common nucleus of operative fact, are related to the federal claims such that they form part of the same case or controversy, and the actions would ordinarily be expected to be tried in one judicial proceeding.

**THE PARTIES**

5.

Plaintiff Erich Eisenhart ("Plaintiff Eisenhart") is an individual currently residing in Jefferson County, Colorado. Plaintiff Andrew D'Addario ("Plaintiff D'Addario) is an individual currently residing in Denver County, Colorado. At all relevant times Plaintiffs were hired by Defendants to work in Oregon.

6.

ETZ Hayim Holding S.P.C. ("Defendant ETZ") operates and is engaged in the business of growing, packaging and distributing industrial hemp products in multiple states including, but not limited to, Oregon, Washington, Idaho, and Colorado.

7.

Defendant ETZ is registered in Washington as a Segregated Portfolio Company, in which state Defendant Sequoia Price-Lazarus ("Defendant Lazarus") is listed as the Registered Agent. Previously, Defendant ETZ registered in Washington as a corporation called ETZ Holdings, Inc.,

2 –  COMPLAINT

as a limited liability company called ETZ Holdings, LLC (plural), and as a limited liability company called ETZ Holding, LLC (singular).

8.

Defendant ETZ currently operates in Oregon as a Foreign Business Corporation under the assumed business name Lazarus Naturals. Defendant ETZ is listed as the Registered Agent for Lazarus Naturals. Previously, Defendant ETZ operated in Oregon as a foreign business corporation called ETZ Hayim Holding, Inc., and as a foreign limited liability company called ETZ Holding, LLC.

9.

Defendant Price-Lazarus is an individual residing in Washington, and is listed as the Registered Agent for ETZ Hayim Holding S.P.C. He was also Registered Agent for previous iterations of the company, including ETZ Holdings, Inc., ETZ Holdings, LLC (plural), and ETZ Holding, LLC (singular).

10.

This action arises out of Plaintiffs' employment relationships with Defendants, who hired Plaintiffs to perform a substantial amount of their employment-related activities in Oregon. The United States District Court of Oregon, Portland Division, has personal jurisdiction over Defendant ETZ because it is registered in Multnomah County, Oregon, operates in Oregon, and because relevant acts and omissions alleged herein occurred in Oregon. This court also has personal jurisdiction over Defendant Price-Lazarus because he registered his business in Multnomah County, operated his business in Oregon, entered into employment agreements with Plaintiffs to perform work for him in Oregon, and oversaw their employment in Oregon.

///

///

3 –  COMPLAINT

## GENERAL ALLEGATIONS

### 11.

Defendants entered into an employment contract with Plaintiff Eisenhart on March 2, 2018, with an effective date of February 27, 2018. In that contract, Defendants indicated that Plaintiff Eisenhart's title was "farmer," his position "exempt," his primary duties to be performed in Oregon, his starting salary $45,000 per year, and that he would reimbursed for "out of pocket" expenses. The employment contract did not contain any limitation on the term of years of the employment relationship. Defendants requested that Plaintiff Eisenhart fill out and return a W-4 form, which he did.

### 12.

Defendants entered into an employment contract with Plaintiff D'Addario on April 2, 2018, with an effective date of March 23, 2018. In that contract, Defendants indicated that Plaintiff D'Addario's title was "Plant Assistant," his position indicated as "non-exempt," his primary duties to be performed in Oregon, his rate of pay of $18 per hour, and that he would be reimbursed for "out of pocket" expenses. The employment contract did not contain any limitation on the term of years of the employment relationship. Defendants requested that Plaintiff D'Addario fill out and return a W-4 form, which he did.

### 13.

Defendant Price-Lazarus informed Plaintiffs that their duties would include driving hundreds of hemp plants across state lines to propagate at the central Oregon farm, and in response to being asked repeatedly whether this required duty was legal, Defendant Price-Lazarus responded with explicit assurances that it was. Relying on his repeated assurances, Plaintiffs performed this duty at his direction.

///

4 –  COMPLAINT

14.

On March 30, 2018, Plaintiff Eisenhart sent Defendant Price-Lazarus a proposal

containing estimated expenses for a drive Plaintiffs were instructed to make to transport hemp

plants from Colorado to Oregon. Defendant Price-Lazarus approved of those estimated expenses.

Plaintiff Eisenhart asked Defendant Price-Lazarus again for his assurance that driving the plants

as directed was legal, and Defendant Price-Lazarus reaffirmed that performance of this duty was

not in contravention of the law.

15.

From April 8 through April 11 of 2918, Mr. Eisenhart flew to Denver and prepared for

the drive. His necessary preparations included renting a truck with his own money, which was to

be later reimbursed in accordance with company policy – and never was.

16.

On April 12, 2018, Plaintiffs met in Denver, Colorado to obtain the plants from a local

farmer and load them into the truck as directed by Defendants.

17.

Later on April 12, 2018, Plaintiffs stopped in Boise, Idaho for dinner, at which time they

were arrested and jailed by law enforcement. It was a terrifying experience. Plaintiffs were

charged with Trafficking Marijuana, a felony with a five-year mandatory minimum prison

sentence. Bond was set $100,000 for each.

18.

On April 14, 2018, Defendants revoked Plaintiffs' access to ADP payroll accounts and

work Google Drive accounts. When Plaintiff Eisenhart contacted Defendant Price-Lazarus to ask

why, he responded that he had revoked access "so Idaho couldn't tap into sensitive company

DOLAN LAW GROUP PC
4300 N.E. Fremont, Suite 250
Portland, Oregon 97213
Phone: (503) 227-2377
Fax: (503) 427-1900

information." Defendant Price-Lazarus further stated he was confident the matter would be dropped. It wasn't.

19.

On April 16, 2018, Defendant Price-Lazarus told Plaintiff Eisenhart he had spoken with an attorney, that Plaintiffs were independent contractors, and unceremoniously ended their employment with Defendants.

20.

Plaintiffs had to hire legal counsel to defend themselves against the crimes for which they were charged. In the approximate year and a half following Plaintiffs' arrests, they expended significant resources and suffered significant emotional distress as a result of Defendants' acts and omissions.

## FIRST CLAIMS FOR RELIEF
### (Failure to Provide Itemized Statements – ORS 652.610)
### (Plaintiffs Against Defendant ETZ)

21.

Plaintiffs re-allege and incorporate paragraphs 1 through 20.

22.

Pursuant to ORS 652.610, an employer is required to provide itemized statements to their employee. Failure to provide itemized statements entitles employees to actual damages or $200 for each failure, whichever is greater.

23.

Defendant failed to provide itemized statements with Plaintiffs' paychecks, and Plaintiffs are therefore entitled to penalties for each such failure, in an amount to be proven at trial.

///

6 –  COMPLAINT

24.

Pursuant to ORS 652.615, Plaintiffs are also entitled to their reasonable attorneys' fees, costs and disbursements and interest on the judgment.

**SECOND CLAIMS FOR RELIEF**

**(Penalty for Failure to Pay Wages Owed Upon Termination – ORS 652.150)**

**(Plaintiffs Against Defendant ETZ)**

25.

Plaintiffs re-allege and incorporate paragraphs 1 through 20.

26.

Pursuant to ORS 652.150, an employer who willfully fails to pay any wages or compensation of any employee whose employment ceases as provided in ORS 652.140, then, as a penalty for nonpayment, the wages or compensation of the employee shall continue from the due date thereof at the same hourly rate for 8 hours per day for 30 days.

27.

Defendant ETZ failed to pay Plaintiffs all wages owed upon their termination.

28.

As a direct result of Defendant ETZ's failure to pay Plaintiffs their full wages owed pursuant to ORS 652.150, Plaintiffs are entitled to additional penalty wages in the amount to be determined at trial.

29.

Pursuant to ORS 652.200, Plaintiffs are also entitled to their reasonable attorneys' fees, costs and disbursements and interest on the judgment.

///

///

7 – COMPLAINT

## THIRD CLAIM FOR RELIEF

### (Failure to Pay Overtime Wages – Violation of ORS 653.261)

### (Plaintiff Eisenhart Against Defendant ETZ)

30.

Plaintiff Eisenhart realleges and incorporates herein by reference the allegations in paragraphs 1 through 20 above.

31.

Pursuant to ORS 653.261(1), after 40 hours of work in one week, overtime must be paid at a rate of one-and-a-half times the regular rate. Pursuant to ORS 653.055, an employer who fails to pay in accordance with ORS 653.261 is liable to the employee affected for the full amount of overtime wages, less any amount paid to the employee by the employer, and for civil penalties provided in ORS 652.150.

32.

Defendant ETZ failed to pay overtime wages earned by Plaintiff Eisenhart. Because his job duties did not qualify him as an "excluded" from overtime pay, he was misclassified as exempt from overtime rules pursuant to ORS 653.020. During his employment from February 27, 2018 through April 13, 2018 (almost 7 weeks) he averaged at least 20 hours of overtime each week. Based on his yearly salary of $45,000, his hourly rate was $21.63, and his overtime rate was $32.45. He is therefore owed overtime in the estimated amount of $4,543 (7 weeks x 20 hours x $32.45 overtime rate).

33.

In addition, pursuant to ORS 652.155(1)(b) and ORS 652.150(2), Plaintiff Eisenhart is entitled to civil penalties for Defendant ETZ's failure to pay overtime wages in the amount of $5,191.20 ($21.63 x 8 x 30).

DOLAN LAW GROUP PC
4300 N.E. Fremont, Suite 250
Portland, Oregon 97213
Phone: (503) 227-2377
Fax: (503) 427-1900

34.

Pursuant to ORS. 652.200, Plaintiff Eisenhart is also entitled to his reasonable attorneys' fees, costs and disbursements and interest on the judgment.

## **FOURTH CLAIM FOR RELIEF**

### **(Unlawful Deductions – ORS 652.610(3))**

### **(Plaintiff Eisenhart Against Defendant ETZ)**

35.

Plaintiff Eisenhart realleges and incorporates herein by reference the allegations in paragraphs 1 through 20 above.

36.

Pursuant to ORS 652.610(3), an employer may not withhold, deduct, or divert any portion of an employee's wages. Unlawful deductions entitle employees to actual damages or $200 for each occasion where deductions were unlawfully taken, whichever is greater.

37.

Unlawful deductions were taken from Plaintiff Eisenhart's paychecks without signed authorization in violation of ORS 652.610(3) on at least one occasion in April of 2019, the remedy for which is a penalty in the amount of $200 per occasion pursuant to ORS 652.615.

38.

Pursuant to ORS 652.615, Plaintiff Eisenhart is also entitled to his reasonable attorneys' fees, costs and disbursements and interest on the judgment.

///

///

///

///

9 –  COMPLAINT

## FIFTH CLAIMS FOR RELIEF

**(Failure to Comply with Fair Labor Standards Act – 29 U.S.C. § 201 *et seq*.)**

**(Count One: Plaintiffs Against Defendant ETZ)**

39.

Plaintiffs reallege and incorporate herein by reference the allegations in paragraphs 1 through 20 above.

40.

At all times relevant to this action, Plaintiffs were employed by Defendant ETZ within the meaning of the Fair Labor Standards Act, 29 U.S.C. §§ 203(d) and 203(g).

41.

Defendants failed to pay Plaintiffs wages owed on their termination, in violation of 29 U.S.C. § 201 *et seq*.

42.

Defendant ETZ's failure to pay Plaintiffs as specified above was willful.

43.

Therefore, Plaintiffs are entitled to their unpaid wages in a total to be determined at trial, and penalties because Defendant ETZ's failure to pay was willful.

44.

Plaintiffs are entitled to recover their unpaid wages, an equal amount in liquidated damages, attorney's fees, and costs of court, pursuant to 29 U.S.C. § 216(b).

**(Count Two: Plaintiffs Against Defendant Price-Lazarus)**

45.

Plaintiffs reallege and incorporate herein by reference the allegations in paragraphs 1 through 20 above.

10 – COMPLAINT

Dolan Law Group PC
4300 N.E. Fremont, Suite 250
Portland, Oregon 97213
Phone: (503) 227-2377
Fax: (503) 427-1900

46.

At all times relevant to this action, Defendant Price-Lazarus exercised control over the nature and structure of the employment relationship with Plaintiffs, and was therefore their employer within the meaning of the Fair Labor Standards Act, 29 U.S.C. §§ 203(d) and 203(g).

47.

Defendant Price-Lazarus failed to pay Plaintiffs wages owed on their termination, in violation of 29 U.S.C. § 201 *et seq*.

48.

Defendant Price-Lazarus' failure to pay Plaintiffs as specified above was willful.

49.

Therefore, Plaintiffs are entitled to their unpaid wages in a total to be determined at trial, and penalties because Defendant Price-Lazarus' failure to pay was willful.

50.

Plaintiffs are entitled to recover their unpaid wages, an equal amount in liquidated damages, attorney's fees, and costs of court, pursuant to 29 U.S.C. § 216(b).

## SIXTH CLAIM FOR RELIEF

**(Failure to Pay Overtime in Violation of Fair Labor Standards Act – 29 U.S.C. § 207)**

**(Plaintiff Eisenhart Against Defendant ETZ)**

51.

Plaintiff Eisenhart realleges and incorporates herein by reference the allegations in paragraphs 1 through 20 above.

52.

At all times relevant to this action, Plaintiff Eisenhart was employed by Defendants within the meaning of the Fair Labor Standards Act, 29 U.S.C. §§ 203(d) and 203(g).

11 – COMPLAINT

53.

Defendant ETZ failed to pay Plaintiff Eisenhart one-and-a-half times his regular hourly rate for each hour that Plaintiff Eisenhart worked in excess of forty hours in each discrete workweek, in violation of 29 U.S.C. § 207.

54.

Defendant ETZ's failure to pay Plaintiff Eisenhart as specified above was willful.

55.

Defendant ETZ failed to pay overtime wages earned by Plaintiff Eisenhart. Because his job duties did not qualify him as an "excluded" from overtime pay, he was misclassified as exempt from overtime rules. During his employment from February 27, 2018 through April 13, 2018 (almost 7 weeks) he averaged at least 20 hours of overtime each week. Based on his yearly salary of $45,000, his hourly rate was $21.63, and his overtime rate was $32.45. He is therefore owed overtime in the estimated amount of $4,543 (7 weeks x 20 hours x $32.45 overtime rate).

56.

Therefore, Plaintiff Eisenhart is entitled to a total of $4,543 in unpaid overtime wages and $4,543 in penalties because Defendant ETZ's failure to pay Plaintiff Eisenhart was willful.

57.

Plaintiff Eisenhart is entitled to recover his unpaid overtime wages, an equal amount in liquidated damages, attorney's fees, and costs of court, pursuant to 29 U.S.C. § 216(b).

///

///

///

///

///

12 – COMPLAINT

DOLAN LAW GROUP PC
4300 N.E. Fremont, Suite 250
Portland, Oregon 97213
Phone: (503) 227-2377
Fax: (503) 427-1900

## SEVENTH CLAIMS FOR RELIEF

### (Negligence)

### (Count One: Plaintiffs Against Defendants ETZ)

58.

Plaintiffs reallege and incorporate herein the allegations contained in paragraphs 1 through 20.

59.

Defendant ETZ exposed Plaintiffs to an unreasonable, foreseeable risk of harm by assuring them the direction to transport hemp plants across state lines was legal, when in fact, it was not.

60.

Defendant ETZ's negligence was a substantial factor in causing and/or contributing to, the Plaintiffs' arrests and prosecutions and resulting damages.

61.

As a direct result of Defendant ETZ's unlawful actions, Plaintiffs have suffered economic expenses relating to the defense against the criminal charges brought against them, in an amount to be determined at trial, but which is alleged to be not more than $26,713.25 for Plaintiff Eisenhart and $22,508.38 for Plaintiff D'Addario.

62.

As a direct result of Defendant ETZ's negligence, Plaintiffs suffered non-economic damages in the form of anxiety, embarrassment, and other emotional distress in an amount to be proven at trial, but which alleged to be not more than $200,000 for Plaintiff Eisenhart and $150,000 for Plaintiff D'Addario.

///

13 – COMPLAINT

63.

Plaintiffs are entitled to recover their costs, disbursements, and pre- and post-judgment interest in the amount of 9% annum.

**(Count Two: Plaintiffs Against Defendant Price Lazarus)**

64.

Plaintiffs reallege and incorporate herein the allegations contained in paragraphs 1 through 20.

65.

Defendant Price-Lazarus exposed Plaintiffs to an unreasonable, foreseeable risk of harm by assuring them the direction to transport hemp plants across state lines was legal, when in fact, it was not.

66.

Defendant Price-Lazarus' negligence was a substantial factor in causing and/or contributing to, the Plaintiffs' arrests and prosecutions and resulting damages.

67.

As a direct result of Defendant Price-Lazarus' unlawful actions, Plaintiffs have suffered economic expenses relating to the defense against the criminal charges brought against them, in an amount to be determined at trial, but which is alleged to be not more than $26,713.25 for Plaintiff Eisenhart and $22,508.38 for Plaintiff D'Addario.

68.

As a direct result of Defendant Price-Lazarus' negligence, Plaintiffs suffered non-economic damages in the form of anxiety, embarrassment, and other emotional distress in an amount to be proven at trial, but which alleged to be not more than $200,000 for Plaintiff Eisenhart and $150,000 for Plaintiff D'Addario.

14 –  COMPLAINT

69.

Plaintiffs are entitled to recover their costs, disbursements, and pre- and post-judgment interest in the amount of 9% annum.

## **EIGHTH CLAIMS FOR RELIEF**
### **(Negligent Infliction of Emotional Distress)**
### **(Count One: Plaintiffs Against Defendant ETZ)**

70.

Plaintiffs reallege and incorporate herein by reference the allegations contained in paragraphs 1 through 20 and 43 to 46 above.

71.

Defendant ETZ engaged in negligent conduct as described above, Plaintiffs suffered serious emotional distress, and such negligent conduct of Defendant ETZ was a legal cause of their serious emotional distress.

72.

As a direct result of Defendants ETZ's unlawful actions, Plaintiffs have suffered economic expenses relating to the defense against the criminal charges brought against them, in an amount to be determined at trial, but which is alleged to be not more than $26,713.25 for Plaintiff Eisenhart and $22,508.38 for Plaintiff D'Addario. Plaintiffs also suffered lost wages in an amount to be determined at trial.

73.

As a direct result of Defendant ETZ's negligence, Plaintiffs suffered non-economic damages in the form of anxiety, embarrassment, and other emotional distress in an amount to be proven at trial, but which alleged to be not more than $200,000 for Plaintiff Eisenhart and $150,000 for Plaintiff D'Addario.

15 –  COMPLAINT

74.

Plaintiffs are entitled to recover their costs, disbursements, and pre- and post-judgment interest in the amount of 9% annum.

**(Count Two: Plaintiffs Against Defendant Price-Lazarus)**

75.

Plaintiffs reallege and incorporate herein by reference the allegations contained in paragraphs 1 through 20 and 49 to 50 above.

76.

Defendant Price-Lazarus engaged in negligent conduct as described above, Plaintiffs suffered serious emotional distress, and such negligent conduct of Defendant Price-Lazarus was a legal cause of their serious emotional distress.

77.

As a direct result of Defendant Price-Lazarus' unlawful actions, Plaintiffs have suffered economic expenses relating to the defense against the criminal charges brought against them, in an amount to be determined at trial, but which is alleged to be not more than $26,713.25 for Plaintiff Eisenhart and $22,508.38 for Plaintiff D'Addario. Plaintiffs also suffered lost wages in an amount to be determined at trial.

78.

As a direct result of Defendant Price-Lazarus' negligence, Plaintiffs suffered non-economic damages in the form of anxiety, embarrassment, and other emotional distress in an amount to be proven at trial, but which alleged to be not more than $200,000 for Plaintiff Eisenhart and $150,000 for Plaintiff D'Addario.

///

///

16 – COMPLAINT

79.

Plaintiffs are entitled to recover their costs, disbursements, and pre- and post-judgment interest in the amount of 9% annum.

## NINTH CLAIMS FOR RELIEF

### (Fraudulent Misrepresentation)

### (Count One: Plaintiffs Against Defendant ETZ)

80.

Plaintiffs reallege and incorporate herein by reference the allegations contained in paragraphs 1 through 20 above.

81.

Defendant ETZ intentionally misrepresented the legality of duties it required of Plaintiffs as described above, and Plaintiffs were damaged as a result.

82.

Defendant ETZ misrepresented the material fact that it was legal for Plaintiffs to transport hemp plants across state lines either for the purpose of misleading them, with the knowledge it was misleading them, or in reckless disregard of the fact it was misleading them.

83.

Plaintiffs suffered economic damages measured by their legal fees incurred, and the difference between what they earned after their employment ended earned what would have earned under their employment contracts, in an amount to be determined at trial.

### (Count Two: Plaintiffs Against Defendant Price-Lazarus)

84.

Plaintiffs reallege and incorporate herein by reference the allegations contained in paragraphs 1 through 20 above.

///

///

DOLAN LAW GROUP PC
4300 N.E. Fremont, Suite 250
Portland, Oregon 97213
Phone: (503) 227-2377
Fax: (503) 427-1900

85.

Defendant Price-Lazarus intentionally misrepresented the legality of duties it required of Plaintiffs as described above, and Plaintiffs were damaged as a result.

86.

Defendant Price-Lazarus misrepresented the material fact that it was legal for Plaintiffs to transport hemp plants across state lines either for the purpose of misleading them, with the knowledge it was misleading them, or in reckless disregard of the fact it was misleading them.

87.

Plaintiffs suffered economic damages measured by their legal fees incurred, and the difference between what they earned after their employment ended earned what would have earned under their employment contract, in an amount to be determined at trial.

## **TENTH CLAIMS FOR RELIEF**

### **(Breach of Contract)**

### **(Count One: Plaintiffs Against Defendant ETZ)**

88.

Plaintiffs reallege and incorporate herein by reference the allegations contained in paragraphs 1 through 20 above.

89.

Defendant ETZ breached its employment contract with Plaintiffs by failing to pay their wages and out of pocket expenses and by terminating their employment because they were arrested and charged with a crime for attempting to complete a job duty Defendant ETZ assigned and assured them was legal.

///

///

///

18 –  COMPLAINT

90.

Plaintiffs suffered economic damages in the amount of wages and out of pocket expenses Defendant ETZ failed to pay them, as well as economic damages resulting from their terminations in an amount to be determined at trial.

**(Count Two: Plaintiffs Against Defendant Price-Lazarus)**

91.

Plaintiffs reallege and incorporate herein by reference the allegations contained in paragraphs 1 through 20 above.

92.

Defendant Price-Lazarus breached his employment contract with Plaintiffs by failing to pay their wages and out of pocket expenses, and by terminating their employment because they were arrested and charged with a crime for attempting to complete a job duty he assigned and assured them was legal.

93.

Plaintiffs suffered economic damages in the amount of wages and out of pocket expenses Defendant Price-Lazarus failed to pay them, as well as economic damages resulting from their terminations in an amount to be determined at trial.

## ELEVENTH CLAIMS FOR RELIEF

**(Breach of Covenant of Good Faith and Fair Dealing)**

**(Count One: Plaintiffs Against Defendant ETZ)**

94.

Plaintiffs reallege and incorporate herein by reference the allegations contained in paragraphs 1 through 20 above.

///

19 – COMPLAINT

95.

Defendant ETZ breached the implied covenant of good faith and fair dealing by acting in bad faith in instructing Plaintiffs it was legal to engage in a job duty that exposed them to criminal liability, and by terminating Plaintiffs' employment after they were arrested and charged with a crime for attempting to complete a job duty Defendant ETZ assigned and assured them was legal.

96.

Plaintiffs suffered economic damages in the amount of their legal fees, the wages and out of pocket expenses Defendant ETZ failed to pay them, and the economic damages resulting from their terminations in an amount to be determined at trial.

**(Count Two: Plaintiffs Against Defendant Price-Lazarus)**

97.

Plaintiffs reallege and incorporate herein by reference the allegations contained in paragraphs 1 through 20 above.

98.

Defendant Price-Lazarus breached the implied covenant of good faith and fair dealing by acting in bad faith in instructing Plaintiffs it was legal to engage in a job duty that exposed them to criminal liability, and by terminating Plaintiffs' employment after they were arrested and charged with a crime for attempting to complete a job duty Defendant Price-Lazarus assigned and assured them was legal.

99.

Plaintiffs suffered economic damages in the amount of their legal fees, the wages and out of pocket expenses Defendant Price-Lazarus failed to pay them, and the economic damages resulting from their terminations in an amount to be determined at trial.

DOLAN LAW GROUP PC
4300 N.E. Fremont, Suite 250
Portland, Oregon 97213
Phone: (503) 227-2377
Fax: (503) 427-1900

## JURY DEMAND

Plaintiffs demand a jury trial on all questions of fact or combined questions of law and fact raised in this Complaint.

WHEREFORE, Plaintiffs pray for the relief as set forth in this Complaint, together with such other relief that the Court finds just and equitable.

DATED this  7<u>th</u>  day of October, 2020.

DOLAN LAW GROUP PC

By:     */s/ Martin C. Dolan*
Martin C. Dolan, OSB No. 872053
S. Caitlin. Dolan, OSB No. 066282
Of Attorneys for Plaintiffs
Dolan Law Group PC
4300 N.E. Fremont, Suite 250
Portland, Oregon 97213
Telephone: 503-227-2377
Fax: 503-427-1900
Email:  martin@dolanlawgroup.com
caitlin@dolanlawgroup.com

21 –  COMPLAINT